```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
BRUCE REID,                        :
                                   :
             Plaintiff,            :
                                   :   20 Civ. 1817 (VM)
     - against -                   :
                                   :
JONATHAN S. SACK, MICHAEL H. MUI,  :
and SACK & SACK, LLP,              :   DECISION AND ORDER
                                   :
             Defendants.           :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/27/2021

**VICTOR MARRERO, United States District Judge.**

Defendants Michael Mui, Jonathan Sack, and Sack & Sack LLP (collectively "Defendants") request that this matter be stayed pending the resolution of an arbitration proceeding between Plaintiff Bruce Reid and his former employer ICAP Capital Markets ("ICAP"). (See Dkt. Nos. 24, 26.) Plaintiff opposes this request. (See Dkt. Nos. 23, 25.) In short, Defendants argue that there is substantial overlap between the matters such that the Court should exercise its discretion to stay the present case. (See Dkt. No. 24.) The decision to stay a case in favor of a related proceeding is a discretionary one. See, e.g., Washington Mut. Bank v. Law Office of Robert Jay Gumenick, P.C., 561 F. Supp. 2d 410, 411-12 (S.D.N.Y. 2008). After reviewing the parties' submissions, the Court is not persuaded that a stay is warranted at this time.

1

The Court's decision on Defendants' letter motion to dismiss narrowed this matter to three claims: (1) legal malpractice, (2) fraud, and (3) negligent misrepresentation. (See Dkt. No. 22.) For the legal malpractice claim, Plaintiff argues, as he must in asserting such a claim, that "but for" Defendants' malpractice, he would have succeeded in pursuing now time-barred claims against ICAP. (See, e.g., Dkt. No. 21-1.) Thus, because his legal malpractice claim is limited to those causes of action that he lost the opportunity to bring, there can be no overlap between his legal malpractice claims and claims actually brought in the arbitration against ICAP. To the extent Plaintiff could have (or in fact did) bring the same allegedly lost claims in his arbitration against ICAP, he would likely fail the "but for" test and no liability for legal malpractice can attach. Discovery is appropriate to explore the bounds of Plaintiff's potentially successful but not asserted claims. The Court can consider any arguments concerning the "but for" requirement on summary judgment.

As to fraud and negligent misrepresentation, these claims focus specifically on Defendants' conduct in their representation of Plaintiff and do not concern ICAP. (See Dkt. No. 7, at ¶¶ 63-76.) Thus, the underlying conduct and legal issues do not overlap between this litigation and the arbitration. (See Dkt. No. 25-1.) And while the Court

acknowledges that there is a possibility that Plaintiff's claimed damages overlap, the Court is not persuaded at this pre-discovery stage that recovery in the arbitration will eliminate the possibility of recovery on the fraud or negligent misrepresentation claim. If it becomes clear in the future that the arbitration may in fact eliminate all possible recovery from Defendants, or the two matters progress in such a way that an overlap in damages might give rise to judicial inefficiencies, the Court can reconsider an argument to stay the case at that point.

For the reasons stated above, it is hereby

**ORDERED** that Defendants' request to stay this case pending the resolution of Plaintiff's arbitration against his former employer, ICAP is **DENIED.**

**SO ORDERED.**

Dated: New York, New York
       27 January 2021

_____
Victor Marrero
U.S.D.J.